**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MIGUEL GARCIA BAEZA,** | **Civil Action No. 26-5532 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.     Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Miguel Garcia Baeza, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall").  (ECF No. 1).

2.     Petitioner is a citizen of Mexico.  (*Id.* ¶ 1).  He has been detained by ICE since July 8, 2025.  (*Id.*)

3.     Petitioner had a bond hearing before Immigration Judge Shana Chen on August 7, 2025 pursuant to 8 C.F.R. § 1236.  (ECF No. 1-6).  Bond was set at $7,500.  (*Id.*)

4.     Respondents appealed the decision to the Board of Immigration Appeals ("BIA"), who concluded that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  (ECF No. 1-8 at 4 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).  The BIA reversed Immigration Judge Chen's decision and ordered Petitioner to be detained without bond.  (*Id.*)

5.  On September 29, 2025, Immigration Judge Chen ordered Petitioner's removal from the United States.  (ECF No. 1-7 at 3-4).  Petitioner is currently appealing that order before the BIA.  (ECF No. 1 ¶ 33).

6.  On February 20, 2026, Petitioner filed a motion for custody redetermination based on changed circumstances after the United States District Court for the Central District of California vacated *Hurtado* and created a class of detained noncitizens who were entitled to bond hearings.  (*Id.* ¶¶ 37-38).  Petitioner appeared before Immigration Judge Ramin Rastegar on February 24, 2026.  (ECF No. 1-17).

7.  Immigration Judge Rastegar acknowledged the Central District's holding and conducted a bond hearing pursuant to § 1226(a).  (*Id.* at 6).  Ultimately, Immigration Judge Rastegar concluded that Petitioner was a flight risk and denied bond.  (*Id.* at 1).

8.  On April 17, 2026, Petitioner filed a motion to remand to the BIA and an Application for Cancellation of Removal (Form EOIR-42B) alleging ineffective assistance of his former counsel.  (ECF No. 1 ¶ 41).  He also requested custody redetermination based on changed circumstances on April 27, 2026.  (*Id.* ¶ 42).

9.  Petitioner appeared before Immigration Judge Chen on April 30, 2026.  (*Id.*) Immigration Judge Chen concluded that Petitioner had not established changed circumstances and did not warrant a new bond hearing.  (ECF No. 1-18).

10.  This Petition followed on May 15, 2026.  (ECF No. 1).  Petitioner argues that his detention violates § 1226 and the Due Process Clause.  (*Id.* ¶¶ 93-104).

11.  Respondents filed an answer on May 22, 2026 arguing that Petitioner's detention is mandatory pursuant to § 1225(b)(2) because Petitioner is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of

the country without having been lawfully admitted. As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 5 at 2). They further assert his detention has not become overly prolonged. (*Id.* at 3-5).

12.    This Court rejects Respondents' position that Petitioner's detention is mandatory pursuant to § 1225(b)(2). Petitioner was apprehended inside the United States after residing here for an extended period, meaning any detention is governed by § 1226 and requires an opportunity to seek bond.[1] Immigration Judge Rastegar acknowledged as such on February 24, 2026, (ECF No. 1-17 at 6), and Immigration Judge Chen implicitly did so when she dismissed Petitioner's April 2026 request for a bond hearing based on a lack of changed circumstances, (ECF No. 1-18).

13.    Had Immigration Judge Chen believed Petitioner was detained pursuant to § 1225(b)(2), she would have been required to dismiss the request for lack of jurisdiction pursuant to *Hurtado*. The fact that she considered the merits of the request indicates that she considered Petitioner to be detained pursuant to § 1226.

14.    Accordingly, the Petition will be granted to the extent that Respondents shall be ordered to treat Petitioner as detained pursuant to § 1226 unless and until he has a final order of removal.

15.    Petitioner has been detained for approximately 11 months, but duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018). "Unlike § 1226(c) detainees ... who were

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

detained for prolonged periods without being given any opportunity to apply for release on bond, [Petitioner] was granted meaningful process prior to filing his habeas petition." *Id.* at 279-80.

16.     "The Third Circuit recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations." *Chinoso Onuwa v. Field Office Director*, No. 26-cv-2403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing *Borbot*, 906 F.3d at 280).  However, it declined to decide what those circumstances may be. *Id.*

17.     "Here, Petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition.  He also had a bond hearing a few months ago.  Petitioner's 'relatively brief detention since that date without a bond hearing does not violate his due process rights.'" *Guillen v. Soto*, No. 26-cv-3285, 2026 WL 1005326, at *3 (D.N.J. Apr. 14, 2026) (quoting *Viantsko v. Lowe*, No. 4:26-cv-00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026)).[2]

18.     This Court has reviewed the transcripts of Petitioner's February 24, 2026 and April 30, 2026 bond hearings.  (ECF Nos. 1-17, 1-18).  "In a fundamentally fair bond hearing, due process has three essential elements. '[A noncitizen]: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'"  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL

---

[2] This Court notes that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of changed circumstances.  8 C.F.R. § 1003.19(e).

574624, at *2 (3d Cir. Feb. 25, 2022) (second alteration in original).  This Court cannot say that

Petitioner's bond hearings were fundamentally unfair.

19.    Therefore, this Court will deny the Petition to the extent Petitioner seeks release or

other relief.

20.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 2, 2026